823 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FIELDCREST CANNON, INC., Plaintiff-Appellant,
v.
FORD AEROSPACE & COMMUNICATIONS CORPORATION, Defendant-Appellee.
 No. 86-1260
 United States Court of Appeals, Fourth Circuit.
 Argued May 5, 1987.
Decided July 2, 1987.
 
 Charles Evans Johnson (Jeffrey J. Davis; Moore & Van Allen, on brief), for appellant.
 Odes Lawrence Stroupe, Jr. (Julius A. Rousseau, III; Hunton & Williams; E. Milton Farley, III, on brief), for appellee.
 Before HALL and WILKINS, Circuit Judges, and HOFFMAN, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Fieldcrest Cannon Inc. ('Cannon'), the successor in interest to the plaintiff in a breach of contract action brought in federal court pursuant to diversity jurisdiction appeals an order of judgment entered by the district court following a bench trial. Cannon, a North Carolina corporation engaged in the manufacture of textiles, alleged that a laser cloth scanning and inspection device purchased from defendant, Ford Aerospace & Communications Corporation ('Ford Aerospace') failed to perform as required by the sales agreement. Cannon, therefore, sought a refund of its partial installment payment, consequential damages, and removal of the inspection system. Ford Aerospace counter-claimed seeking to recover all payments due under the contract and alleging that Cannon had anticipatorily breached the contract by denying it an opportunity to cure any defects in the laser system. Following a four day trial, the district court found in favor of Ford Aerospace and entered judgment in the amount of $112,129.83. We affirm.
 
 
 2
 Cannon argues on appeal that it had an unqualified right to reject the defective laser system pursuant to the North Carolina Uniform Commercial Code ('U.C.C.') N.C. Gen. Stat. Sec. 25-2-601. Cannon further contends that the district court erroneously interpreted the contract with Ford Aerospace, thereby denying Cannon its rights under the U.C.C. Upon consideration of the record, briefs and oral argument, we find Cannon's contentions without merit.
 
 
 3
 Obligations and rights under the Uniform Commercial Code may be modified by agreement of the parties. See, N.C. Gen. State Secs. 25-1-102(3) and (4). In this instance, the district court found that Cannon had agreed to conduct a thirty day testing period for the laser system, to notify Ford Aerospace of any defects and to cooperate in an effort to resolve any deficiencies in the system. The court concluded that the agreement granted Ford Aerospace a contractual right to cure which Cannon breached by purporting to reject the system immediately after the conclusion of the testing period.
 
 
 4
 We find the district court's exhaustive analysis of this case to be sound, and persuasive in all respects.[1] Accordingly, we affirm the judgment below for the reasons expressed by the district court. Cannon Mills Company v. Ford Aerospace & Communications Corporation, C-84-468-S (M.D. N.C. November 13, 1986).
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 There is one slight error in the district court's findings of fact where the purchase price of the laser system was stated as $365,000 rather than $325,000. The award of damages, however, was clearly calculated on the proper figure